STATE, Plaintiff-Appellee, v. McLEOD, Defendant-Appellant.

Ohio Appeals, Ninth District, Summit County.

No. 3903. Decided February 27, 1948.

Harold D. Parker, Akron, for plaintiff-appellee.

Messrs. Reed & Diefenbach, Akron, for defendant-appellant.

## OPINION

By HILDEBRANT, J.:

Defendant was convicted in the Municipal Court of Akron, Ohio, without a jury, of assault and battery on one Shadrosky. He made the issue of self-defense.

The court excluded the evidence of threats made by the young brother of Shadrosky, the day before, to have his older brother come the next day and beat up on the defendant.

On the next morning Shadrosky called at defendant's home and asked for him. He was informed by defendant's wife that defendant was not at home and ordered to leave the premises, and not to return and cause a disturbance. He returned that evening and talked to the defendant through

the screen door, inviting him to come out and talk like a man. Defendant ordered him to leave the premises, which he refused to do, and during the course of this conversation, defendant squirted from a small syringe a quantity of ordinary household ammonia through the screen and into the face of Shadrosky. Shadrosky turned and ran off the porch and out to the sidewalk, with the defendant following to the edge of the porch. Shadrosky then turned on defendant and advanced to the porch, where he administered a beating to the defendant. There was a great disparity between the physical condition of Shadrosky and the defendant—the former being 27 years of age, an ex G. I. and in first class physical condition, while the defendant was 63 years of age, and claimed to suffer from arthritis in his hands. It must be borne in mind that all the action took place on the premises of the defendant, who claimed to have acted in defense of his person and property.

Under the circumstances above, it was error; prejudicial to the defendant for the court to refuse to admit and consider the evidence of the threats made the day before by the younger brother of Shadrosky. Obviously, they had a direct bearing on whether or not the defendant had a good reason to apprehend danger to himself, as it apparently materialized in Shadrosky's visit and attitude.

In general, every man has the right to defend himself and his property by the use of such force as circumstances require to protect himself against such danger as he has good reason to apprehend, and the measure of that force depends upon the nature of the assault taken together with all other circumstances, such as the physical disparity between the parties here, and it is only when one uses a greater degree of force than is necessary under all the circumstances that it is not justifiable on the ground of self-defense.

The law does not require of the defendant any nice distinction as to the least amount of force necessary, but whether the force used was excessive or not is a question for the trier of the facts under proper instruction. Evidence of threats is admissible on the issue of self-defense. See, **3 O. Jur.,** **p. 214,** section 9 et seq; 4 Am. Jur., p. 182, section 108 and section 153.

The true question of fact to be ascertained is the **bona fide** belief of the defendant as to his imminent peril. In **Marts v State of Ohio, 26 Oh St, 162,** it is stated in the second paragraph of the syllabus:

"Homicide is justifiable on the ground of self-defense,

where the slayer, in the careful and proper use of his faculties, **bona fide** believes, and has reasonable ground to believe, that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be by taking the life of his assailant, although in fact he is mistaken as to the existence or imminence of the danger."

In **State v Cope, 78 Oh Ap, 429**, at page **438**, it is said:

" 'While the courts of this state have not always pursued an even course in defining the fear which one must entertain in order to rely upon self-defense, it seems now to be finally determined that guilt is personal, and that the conduct of any individual is to be measured by that individual's equipment mentally and physically. He may act in self-defense, not only when a reasonable person would so act but when one with the particular qualities that the individual himself has would so do. A nervous, timid, easily frightened individual is not measured by the same standard that a stronger, calmer, and braver man might be. **State v Sheets, 115 Oh St, 308, 152 N. E., 664.' "**

See, also, **Armuleuis v Koblitz, 114 Oh St, 73, at p. 75.**

By virtue of §13,444-19 GC, the Court admitted testimony of prior use of the ammonia syringe as a weapon by the defendant. It is sufficient to state here that this Court finds that statute has no application to this case, and it was prejudicial error to admit any such evidence.

No other error appears, prejudicial to defendant-appellant.

The judgment of the Municipal Court of Akron is reversed and the cause remanded for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.