CITY OF AKRON, APPELLEE, *v.*
DOKES, APPELLANT.

(No. 12322—Decided March 26, 1986.)

*Gary Rosen,* city prosecutor, for appellee.

*Edmund M. Sawan,* for appellant.

MAHONEY, P. J. Appellant Mark A. Dokes appeals his conviction after a jury trial in the Akron Municipal Court for assault in violation of Akron City Code Section 636.02(a).[1] We vacate and remand.

---

[1] "No person shall knowingly cause or attempt to cause physical harm to another."

The city of Akron Water Department hired Mark Dokes as a water maintenance worker on February 11, 1985. As a new employee in a civil service position, Dokes was subject to a ninety-day probationary period with evaluations being made at the end of forty-five and ninety days. At the forty-five-day review, Dokes was told that he was not performing up to expectations and that improvement was needed. Prior to the end of the ninety-day period, Dokes' superiors determined that his performance was unsatisfactory and that he would have to be terminated.

On Wednesday, May 29, 1985, Dokes met with his foreman, his foreman's supervisor and the superintendent of the water distribution division and was told that he was being terminated effective May 31, 1985, due to his unsatisfactory job performance. Dokes became very agitated and accused his superiors of manufacturing reasons to get rid of him. At one point during the meeting, Dokes turned to his foreman and said "you're going down." When the superintendent felt that no more could be gained in the meeting he told Dokes the meeting was over and told him to return to his job. On his way out of the room, Dokes once again said "you're going down" to his foreman. Upon hearing Dokes' words to the foreman, the supervisor called Dokes back into the room. The foreman, the supervisor and the superintendent later testified that the supervisor told Dokes he considered his statement a threat and that when he tried to finish his sentence, Dokes slapped him on the side of the head, breaking his eardrum. Dokes on the other hand testified that when he went back into the room the supervisor began to advance towards him in a menacing fashion and that when the supervisor refused to back off he slapped him out of fear for his own safety.

The police were called to the scene, a report was filled out and the supervisor eventually filed a complaint against Dokes for assault. Dokes was tried by a jury on August 19 and 20, 1985, and convicted of assault in violation of Akron City Code Section 636.02(a).

## Assignment of Error II

"The trial court erred in instructing the jury that before the claim of self-defense could be considered, appellant had to have reasonably believed that the other party intended to kill him or to do him great bodily harm."

During his charge to the jury, the trial court gave the following instruction regarding self-defense:

"Now every man has a right to defend himself by the use of such force as circumstances require to protect himself against such dangers as he has good reason to apprehend and [the] measure of that force depends upon the nature of the assault taken together with all the circumstances.

"It is only when one uses a greater degree of force than is necessary under all the circumstances that it's not justifiable on the grounds of self-defense.

"The defendant claims that what he did was justified on the basis of self-defense. If a person is assaulted by another, the person assaulted is not required to retreat but may repel force with force and may kill his assailant if it reasonably appears to him to be necessary to do so.

"To constitute self-defense, there must have been on the part of the defendant a careful use of his faculties and a reasonable grounds to honestly believe that there was an immediate danger to his person or his life.

"There *must* have been sufficient acts, [coupled with an] apparent present ability to carry [it] out, to *cause the defendant to reasonably believe that the other party intended to kill or to do him great bodily harm and that the striking was necessary to save himself from the great bodily harm.*

"If the defendant had reasonable grounds and an honest belief that he was in imminent danger of death or great bodily harm, and the only means of escape from such danger was by striking his assailant, he is justified even though he was mistaken as to the existence of such danger." (Emphasis added.)

Dokes now protests that the court erred in requiring that a threat of death or great bodily harm be present before the slap he gave the supervisor can be justified as self-defense.

While it is true that a real or perceived threat of death or great bodily harm is required in order for the use of deadly force to be justified as self-defense, State v. Robbins (1979), 58 Ohio St. 2d 74, 12 O.O. 3d 84, 388 N.E. 2d 755; Marts v. State (1875), 26 Ohio St. 162, such a grave threat is not necessary in cases where less than deadly force is used to repel a feared attack. As this court has pointed out before, one may use such force as the circumstances require to protect oneself against such danger as one has good reason to apprehend. State v. McLeod (1948), 82 Ohio App. 155, 157, 50 Ohio Law Abs. 475, 476, 37 O.O. 522, 522-523, 80 N.E. 2d 699, 700. See, also, 28 Ohio Jurisprudence 3d (1981) 269, Criminal Law, Section 1740; 6 American Jurisprudence 2d (1963) 65, Assault and Battery, Section 70. Thus, even when faced with less than impending death or great physical harm, one may use reasonable force in order to protect oneself against a perceived danger. See 6 American Jurisprudence 2d (1963) 65, 67, Assault and Battery, Sections 70 and 72. To hold otherwise would mean that one could not legally defend oneself against a less serious assault, but would instead have to submit to an extremely offensive yet only mildly injurious attack.

In this case, the trial court's instruc-

tion to the jury clearly made threat of death or great physical harm a prerequisite to the availability of the self-defense doctrine. Because Dokes did not use deadly force against the supervisor, the instruction should not have required that Dokes reasonably be in fear of death or great bodily harm. This instruction seriously limited the availability of self-defense and necessarily prejudiced Dokes' defense.

### Assignments of Error I and III

"I. The trial court erred in refusing to direct a verdict in favor of appellant where an essential element of the crime charged, namely identification, was never proven."

"III. The trial court erred in finding guilt beyond a reasonable doubt, since, based on the totality of the evidence, said finding is against the manifest weight of the evidence."

Because our treatment of Assignment of Error II requires that we vacate Dokes' conviction, we find it unnecessary to address these assignments of error.

### Summary

Appellant's second assignment of error is sustained. The remaining assignments of error are moot. The conviction is vacated and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment accordingly.*

BAIRD and GEORGE, JJ., concur.