THE STATE OF OHIO, APPELLEE, *v.* FOX, APPELLANT.

(No. 12792—Decided March 11, 1987.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*Saundra J. Robinson,* for appellant.

BAIRD, J. This cause came on before the court upon defendant's appeal from his conviction for one count of felonious assault and two counts of assault. We reverse and remand.

The defendant, Robert Ray Fox, and a passenger, were driving in defendant's pickup truck. The truck was being followed by a pickup truck driven by William Blatt; there were two passengers in Blatt's truck. Eventually, both trucks stopped. A fight ensued which ultimately involved all five individuals.

The defendant was subsequently arrested and charged with two counts of assault and one count of felonious assault. After a trial to a jury the

defendant was convicted of all counts. Defendant appeals.

### Assignment of Error

"The trial court erred in its instructions to the jury on defendant's claim of self-defense."

The defendant had proceeded at trial with a self-defense defense. He claims that the court erred in instructing the jury as to the elements required for a showing of self-defense. The court instructed as follows:

"All right. Now, as to the issue of self-defense * * * [t]he defendant claims that what he did was justified on the basis of self-defense.

"To establish self-defense, the following elements must be shown:

"The defendant was not at fault in creating the situation giving rise to the incident in question;

"The defendant had an honest belief that he was in *imminent danger of death or great bodily harm* and that his only means of escape from such danger was in the use of such force;

"And, three, the defendant must not have violated any duty to retreat or avoid the danger.

"If the defendant had reasonable ground and honest belief that he was in *imminent danger of death or great bodily harm* and the only means of escape from such danger was by injuring his assailant, then he was justified, even though he was mistaken as to the existence of such danger.

"Resort to the use of force sufficient to cause serious physical harm or physical harm is not permitted because of words. Vile or abusive language or verbal threats, no matter how provocative, do not justify an assault.

"In determining whether the defendant had reasonable ground or an honest belief that he was in imminent danger, you must put yourself in the position of the defendant with his characteristics, his knowledge or lack of knowledge and under — and under the circumstances and conditions that surround him at that time.

"You must consider the conduct of the three individuals of Joseph Blatt, Michael Kinney and William Lin and determine if their acts and words caused the *defendant to reasonably and honestly believe that he was about to be killed or receive great bodily harm.*

"The law does not measure nicely the degree of force which may be used to repel an assault.

"However, if a person who is assaulted uses more force than reasonably appears to be necessary under the circumstances, and if the force used is so grossly disproportionate to his apparent danger as to show revenge or evil purpose to injure his assailant, then the defense of self-defense is not available." (Emphasis added.)

The record reveals that defendant objected to the instruction and had requested an instruction on less than deadly force.

Although the testimony at trial varied, there was evidence adduced that one of Blatt's passengers approached the defendant wielding a pair of nunchucks and that Blatt hit defendant before defendant hit him. Additionally, the defendant testified that the other Blatt passenger came toward defendant swinging a tow chain at him.

One may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend. *State* v. *McLeod* (1948), 82 Ohio App. 155, 157, 50 Ohio Law Abs. 475, 476, 37 O.O. 522, 522-523, 80 N.E. 2d 699, 700. This court has recently concluded that, although " * * * it is true that a real or perceived threat of death or great bodily harm is required in order for the use of deadly force to be justified as self-defense, * * * such a grave threat is not necessary in cases where less than deadly force is used to repel a feared attack. * * *" *Akron* v. *Dokes* (1986), 31 Ohio App. 3d 24, 25, 31 OBR

38, 40, 507 N.E. 2d 1158, 1160. Therefore, even when faced with less than impending death or great physical harm, one may use reasonable force in order to protect oneself. *Akron* v. *Dokes, supra.*

As in *Dokes,* in this case the trial court's instruction clearly predicated the availability of the self-defense doctrine on a threat of death or serious physical harm. The defendant was entitled to a jury instruction which did not require that he reasonably fear that he was in imminent danger of death or great bodily harm. The instruction, as given, limited the availability of self-defense and necessarily prejudiced Fox's defense.

The defendant's assignment of error is well-taken. The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

QUILLIN, P.J., and GEORGE, J., concur.