OPINION
The grand jury returned a five count indictment charging defendant Nicholas Grubach with one count of murder, two counts of attempted murder and two counts of felonious assault. The counts stemmed from a stabbing incident that occurred when members of a bachelor party began brawling with defendant. The jury found defendant guilty of one count of felonious assault, and entered not guilty findings on the remaining counts. The sole assignment of error in this appeal claims that the verdict was against the manifest weight of the evidence.
The state's evidence showed that the victim had been a member of a bachelor party that spent the evening in Cleveland's Flats. Defendant had been out that evening with a group of his friends. The two groups found themselves at the same east side bar shortly before closing time. As relevant to this appeal, a brawl broke out between the two groups.
Defendant told the jury that he and his friends had been socializing at a neighborhood tavern before they went to the east side bar. They stayed at the bar without incident until just before they left, when one of defendant's friends began arguing with the bartender. Defendant interceded before the friend and bartender could take the argument any further and told his friend to leave. Defendant took a package containing a carry-out order of beer and left the bar. He heard a commotion over by his friend's vehicle and, hearing his friend's voice in the commotion, thought the bartender had sent some "guys to rough up" his friend. Defendant went to investigate, but before he could reach his friend was blind-sided and knocked down. He said a group of four or five males began kicking and beating him. Fearing for his life, he pulled out a pocket knife and began swiping the knife. He dropped the knife and two males grabbed him and began pulling in opposite directions — one from the leg, the other from the jacket. The male holding defendant by the leg jumped back and the male holding defendant's jacket (the victim) said, "you're not going nowhere. You stabbed somebody." Defendant heard the bartender tell the male to release him, and then defendant punched the male holding him.
Defendant's testimony was quite similar to that of the victim. The victim testified that he was standing outside the bar when he heard a commotion. He looked up and saw defendant and another member of his bachelor party group "locked up" on the ground. The victim's friend had been rendered defenseless by defendant and his body had gone limp. The victim rushed over and, in an attempt to assist his disabled friend, grabbed defendant. The victim and defendant held each other by their clothes and defendant punched the victim in the mouth, knocking out his front teeth. The victim testified that he did not see defendant holding a knife at the time.
The sole assignment of error complains that the guilty finding on the single charge of felonious assault is against the weight of the evidence when the jury acquitted defendant of four other charges by agreeing that he acted in self-defense. Defendant claims there was no obvious break in the chain of events between those acts constituting self-defense and those constituting felonious assault.
Weight of the evidence concerns the inclination of the greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins (1997), 78 Ohio St.3d 380,387. Reviewing the entire record, the court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175.
R.C. 2903.11, the felonious assault statute, prohibits knowingly causing serious physical harm to another. The evidence clearly showed that defendant punched the victim in the mouth, knocking out three of his teeth in the process. R.C. 2901.01 (A) (5) (c) defines "serious physical harm to persons" as "[a]ny physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement * * *." In Statev. Davis (May 24, 1984), Cuyahoga App. No. 47622, unreported, we stated:
 Undisputed testimony established that one of the offenders struck the fifteen-year-old boy and caused him to lose a front tooth. The jury observed his condition as he testified and when he smiled at the prosecutor's request. They could reasonably find that his loss of an incisor would be permanent, and that it constituted "serious physical harm within the statutory definition. Cf. State v. Nims (Nov. 29 1979), Cuyahoga App. No. 40422, unreported, slip opinion 9-10; State v. Williams (Nov. 10, 1983), Cuyahoga App. No. 46599. unreported, slip opinion 3-4. The fact that cosmetic repairs might improve his condition does not prevent the jury from reaching those conclusions.
See, also, State v. Vanover (May 16, 1999), Lawrence App. No. 98CA38, unreported.
Defendant claims he acted in self-defense in all counts, including this one. Although the jury found defendant acted in self-defense on four of the five charged counts, it could reasonably find there had been a temporal break between the acts of self-defense and the punch forming the basis of the felonious assault conviction.
To successfully assert the affirmative defense of self-defense the defendant must prove the following elements: 11) the defendant was not at fault in creating the situation giving rise to the incident; (2) the defendant had an honest belief that he was in imminent danger of death or great bodily harm that could only be escaped by a resort to the use of deadly force; and (3) the defendant had no ability to retreat or avoid danger. State v.Jackson (1986), 22 Ohio St.3d 281, 283. As the court stated inState v. Fox (1987), 36 Ohio App.3d 78, 79, one may use such force as the circumstances require "in order to defend against danger which one has good reason to apprehend." We note that whether the defendant used unreasonable force in repelling a perceived danger is a question of fact for the trier of fact.State v. Bruckner (Sept. 30, 1993), Cuyahoga App. No. 63296, unreported.
The jury could reasonably find that defendant's justification for the use of force, while valid for the other four charged counts, had ceased by the time he struck the victim. By his own admission, defendant admitted that the bartender told the victim to release defendant before he punched the victim. Once the victim released defendant, defendant had no need to defend against any danger for, in defendant's own version, the victim had been told to release defendant, so the fight was over. Nevertheless, defendant took the opportunity to deliver one final punch. At the very least, the jury could reasonably find that any threat of imminent danger or great bodily harm had passed when defendant decided to punch the victim in the mouth. See State v.Fox (1987), 36 Ohio App.3d 78, 79 ("one may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend.")
Defendant argues that the use of his fists did not rise to the level of excessive force, but there is no question that a person's fists could constitute a deadly weapon. State v.Schaffer (1960), 113 Ohio App. 125, 131; State v. Falter (July 20, 1983), Hamilton App. Nos. C-820809, C-820810, unreported (use of hands could constitute a deadly weapon). Obviously, the jury could consider the force of a blow that knocked out three teeth as being excessive under the circumstances.
Because the jury could reasonably find defendant no longer acted in self-defense when he struck the victim, the jury's verdict cannot be said to be against the manifest weight of the evidence. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., PATRICIA A. BLACKMON, J., CONCUR.
 _________________________________ JOHN T. PATTON JUDGE