JOURNAL ENTRY AND OPINION
Defendant Patricia Allen appeals from her conviction for felonious assault. For the reasons set forth below, we affirm.
On October 21, 1998, defendant was charged with felonious assault on her brother Paul Allen. Defendant pleaded not guilty and the matter proceeded to a jury trial on May 5, 1999.
The state's evidence demonstrated that on September 3, 1998, defendant went to the duplex shared by her mother (the downstairs resident) and her brother Paul (the upstairs resident). After Paul let defendant into the home, defendant slammed the door in his face. Paul followed defendant to the kitchen to confront her and defendant picked up a pair of scissors. Paul's wife and mother separated them. Paul then went outside to cut the grass.
A short time later, defendant's daughter arrived and went into the house. Paul testified that as the two women left the house, Paul and defendant again began to argue. Defendant got into her car. Paul had words with defendant's daughter and told her to leave. Defendant got out of her car with an object in her hand. Defendant's daughter jumped on Paul's back. Defendant approached from the left and struck him in the mouth.
Paul Allen further testified that he immediately went to the hospital following the incident and that he needed four stitches on the inside of his mouth and four on the outside. He also needed extensive dental work on the entire left side of his face.
Defendant elected to present evidence. Her daughter, Cheryl Lynn Wright, testified that defendant called her from her mother's house and indicated that she had an argument with Paul and that she had called the police. Wright went to the home and waited approximately forty minutes for the police. Defendant and her daughter finally decided to leave. According to Wright, Paul started coming toward them and threatening defendant if she should return. Wright stated that Paul then reached to hit defendant so she grabbed him. Paul broke away from Wright and went to hit defendant again. As Paul went to hit her, [defendant] hit him. Paul and defendant then fell on the ground and Paul fell on his face. Defendant and her daughter waited for the police but eventually went to the police station to file a report.
Defendant testified that Paul immediately began to argue with her after she arrived at her mother's apartment. He accused her of slamming the door in his face and came toward her. She grabbed a magnifying glass off of the table. Defendant's mother and Paul's wife came to see what was happening and defendant then grabbed a pair of scissors from the table for protection. She called the police.
Defendant waited for the police for approximately forty minutes. She called her daughter who arrived at the apartment a short time later. Defendant's mother asked them to leave so that the police would not go to the apartment and defendant and her daughter proceeded to leave. Paul stopped cutting the grass when he saw them and he threatened defendant. Defendant stated that her daughter jumped in between them and defendant then ran to her car and grabbed a stick or other object from her car. She next saw Paul push her daughter away and continue to come at her. Defendant stated that Paul pulled his hand back as if to hit her and she struck him with the object. The three then fell to the ground. Defendant returned to her car and called the police again, but she and her daughter eventually left and made a report at the Fourth District Police Station. Defendant was subsequently convicted of felonious assault and sentenced to two years of community supervision. She now appeals and assigns three errors for our review.
Defendant's first assignment of error states:
 THE COURT ERRED WHEN IT EXCLUDED EVIDENCE, PROFFERED UNDER FAVOR OF RULE 103, OHIO RULES OF EVIDENCE, WHICH BORE ON THE ISSUE AS TO WHO WAS THE AGGRESSOR AND ON THE ACCUSED'S APPREHENSION OF BEING ATTACKED BY THE ALLEGED VICTIM, WHICH (IN HER JUDGMENT) WAS WHAT IMPELLED HER TO USE FORCE IN SELF-DEFENSE.
Within this assignment of error, defendant asserts that the trial court erred in refusing to permit her uncle to testify that he was afraid of Paul Allen. Defendant asserts that this evidence was probative of her use of self-defense in this instance.
In State v. Rogers (August 17, 2000), Cuyahoga App. No. 76601, this Court stated:
Evid.R. 405, "Methods of Proving Character," provides:
 (A) Reputation or opinion In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
 (B) Specific instances of conduct In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.
In State v. Spinks (Cuyahoga, 1992), 79 Ohio App.3d 720, 730,607 N.E.2d 1130, citing State v. Carlson (1986), 31 Ohio App.3d 72,508 N.E.2d 999, paragraph one of the syllabus; State v. Brown, 1987 Ohio App. LEXIS 6904 (May 7, 1987), Cuyahoga App. No. 52098, unreported; and Evid.R. 404(A) (2) and 405, this court stated:
 A defendant, when arguing self-defense, may testify about specific instances of the victim's prior conduct which were known to the defendant in order to establish the defendant's state of mind. (Italicization added.) We note, however, that the elements of self-defense are:
1. the accused was not at fault in starting the affray;
 2. that she had a bona fide belief that she faced imminent danger of death or great bodily harm;
 3. that her only means of escape was the use of such force; and
 4. that she violated no duty to retreat or avoid the danger.
State v. Williford (1990), 49 Ohio St.3d 247, 249.
In this instance, we note that defendant stated that her brother had never struck her before. Further, although defendant claimed that her brother came at her, there was no evidence that defendant's only means of escape was the application of force and she made no effort to retreat or avoid the situation. Moreover, from the evidence presented, the jury could have properly determined that defendant used excessive force.
Accordingly, although the trial court should have permitted introduction of this testimony, no prejudice is established since defendant failed to establish all of the elements of her self-defense claim. This assignment of error is without merit.
Defendant's second assignment of error states:
 THE COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL MADE UNDER FAVOR OF RULES 29(B) AND 29(C), OHIO RULES OF CRIMINAL PROCEDURE.
Defendant next maintains that the trial court erred in denying her motion for acquittal of the felonious assault charge.
A motion for judgment of acquittal pursuant to Crim.R. 29 is properly denied where the evidence is such that reasonable minds could reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus.
R.C. 2903.11 defines felonious assault as knowingly causing serious physical harm to another or causing physical harm by means of a deadly weapon.
In this instance, Paul Allen testified that he had been out cutting the grass and defendant's daughter jumped on his back. Defendant then struck him in the mouth with an object which she had in her car. The wound required stitches and extensive dental work. From the foregoing, reasonable minds could reach different conclusions as to whether defendant was guilty of felonious assault beyond a reasonable doubt.
This assignment of error is without merit.
Defendant's third assignment of error states:
 THE COURT ERRED IN INSTRUCTING THE JURY ON THE DUTY TO RETREAT, RELATIVE TO THE DEFENSE OF SELF-DEFENSE, WHERE LESS THAN DEADLY FORCE WAS USED.
Here, defendant maintains that the trial court erroneously instructed the jury that self-defense was established where, inter alia, the defendant reasonably and honestly believes that "he was about to be killed or receive great bodily harm." (Tr. * * *). Defendant asserts that such belief is required to justify the use of deadly force but is not necessary to justify the use of non-deadly force. Defendant further asserts that deadly force was not administered herein.
In State v. Panneti (September 3, 1998), Cuyahoga App. No. 73044, unreported, this court stated as follows:
 "Deadly force" is defined in R.C. 2901.01(A)(2) as "any force that carries a substantial risk that it will proximately result in the death of any person." Herein, defendant was charged with felonious assault, or causing serious physical harm, R.C. 2903.11(A), in connection with the state's assertion that he unprovokedly punched [Mr. Steve] Cheek. We therefore agree that this matter does not involve the application of deadly force.
We further note that self-defense is an affirmative defense which the defendant must prove by a preponderance of the evidence. State v. Napier (1995), 105 Ohio App.3d 713, 721, 664 N.E.2d 1330. Pursuant to this defense, one may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend. State v. Fox (1987), 36 Ohio App.3d 78, 79, 520 N.E.2d 1390; Akron v. Dokes (1986), 31 Ohio App.3d 24, 25, 507 N.E.2d 1158; State v. McLeod (1948),82 Ohio App. 155, 157, 80 N.E.2d 699.
Thus, while "it is true that a real or perceived threat of death or great bodily harm is required to justify deadly force in self-defense, such a grave threat is not necessary in cases where less than deadly force is used to repel a feared attack." State v. Perez (1991),72 Ohio App.3d 468, 472, 594 N.E.2d 1041. As the Dokes Court explained:
 Thus, even when faced with less than impending death or great physical harm, one may use reasonable force in order to protect oneself against a perceived danger. See 6 American Jurisprudence 2d (1963) 65, 67, Assault and Battery, Sections 70 and 72.
 To hold otherwise would mean that one could not legally defend oneself against a less serious assault, but would instead have to submit to an extremely offensive yet only mildly injurious attack.
 31 Ohio App.3d at 25.
Significantly, this rule has been applied in cases such as this, where the defendant has been charged with felonious assault. See State v. Perez, supra; State v. Fox, supra.
In this instance, however, the trial court fully met the concerns raised by this Court in State v. Panneti, supra, and Akron v. Dokes, supra, as it instructed the jury as follows:
 The defendant is justified in using some force in self-defense when she reasonably believes that such conduct is necessary to defend herself against imminent unlawful force and if the force used was not likely to cause death or great bodily harm if the defendant had reasonable grounds and an honest belief she was in imminent danger of the use of unlawful force and the only means to protect herself was by the use of force, then she was justified, even though she was mistaken as to the existence of necessity of the defendant to defend herself.
(Tr. 342).
This assignment of error lacks support in the record and is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
KENNETH A. ROCCO, J., AND JOYCE GEORGE, J.*, CONCUR.
* Sitting by Assignment: Judge Joyce George, Retired, of the 9th District Court of Appeals.
 _________________________________ ANN DYKE, ADMINISTRATIVE JUDGE