OPINION
Defendant, Terrence Paschal, appeals from his conviction and sentence for assault.
For several months prior to June 8, 1999, Monica Popovitch lived with Defendant Terrance Paschal and his brother, Willie Paschal. On the morning of June 8, 1999, Popovitch and Defendant were drinking. Defendant left home to run some errands, leaving Popovitch to watch over his infant son. Shortly thereafter, however, Popovitch left the house to go to the store. Popovitch left Defendant's son with Willie Paschal who suffers from disabilities resulting from spinal meningitis. When Defendant returned home and discovered that Popovitch had left his son with Willie, Defendant put Popovitch's clothes in his car and went looking for Popovitch.
Defendant picked up Popovitch at a friend's house just down the street, and when she got into Defendant's car an argument quickly developed over Popovitch leaving Defendant's son with Willie. According to Popovitch, Defendant drove around for thirty minutes during which time he threatened to kill Popovitch, tried to choke her, and repeatedly stopped the car and tried to drag her out. Defendant kept telling Popovitch that he wanted her out of his house and out of his life. According to Defendant, Popovitch kept hitting and kicking him and grabbing the steering wheel while they drove around arguing. Defendant's physical contact with Popovitch was limited to trying to keep Popovitch off of him.
After thirty to forty-five minutes, Defendant and Popovitch returned to Defendant's house where their argument continued. Upstairs in Willie Paschal's bedroom, Popovitch began pointing her finger in Defendant's face. Defendant responded by biting her finger. Defendant and Popovitch then began shoving each other, and Popovitch grabbed Defendant's shirt, pulled it over his head, and struck Defendant twice on the top of his head with her fist. Defendant responded by punching Popovitch once in the face with his fist, causing injuries and ending the fight.
After applying ice to her facial injuries, Popovitch called Ronald Coleman who is the pastor at the church that both she and Defendant attend. Pastor Coleman arrived and subsequently drove Popovitch to a local motel where she spent the night. The next morning Popovitch went to Miami Valley Hospital, where she received treatment for her injuries.
Popovitch's right eye was blackened and swollen shut, and there was a cut over that eye that required several stitches to close. She had multiple bruises on her neck, back, arms and legs. Popovitch was in a lot of pain and doctors suspected that both her nose and a rib might be broken. Subsequent x-rays revealed that was not the case. Police were notified and they came to the hospital and photographed Popovitch's injuries and took her statement.
Defendant was subsequently indicted on one count of felonious assault, R.C. 2903.11(A)(1). Following a jury trial, Defendant was found not guilty of felonious assault but guilty of the lesser included offense of assault. The trial court subsequently sentenced Defendant to two years of probation, which included ninety days in jail with work release privileges.
From his conviction and sentence Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING A JUDGMENT THAT IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Defendant argues that his conviction for assault is against the manifest weight of the evidence because the evidence presented was sufficient to establish that he acted in self-defense in striking Popovitch in the face., Defendant was convicted of assault in violation of R.C. 2903.13(A) which provides:
 No person shall knowingly cause or attempt to cause physical harm to another . . .
"Physical harm" means any injury, regardless of its gravity or duration. R.C. 2901.01(A)(3).
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
With respect to self-defense, the Ohio Supreme Court in State v. Williford (1990), 49 Ohio St.3d 247, 249, stated:
 Under Ohio law, self-defense is an affirmative defense. State v. Martin (1986), 21 Ohio St.3d 91, 21 OBR 386, 488 N.E.2d 166, affirmed Martin v. Ohio (1987), 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267. To establish self-defense, the defendant must show "* * * (1) * * * [he] was not at fault in creating the situation giving rise to the affray; (2) * * * [he] has [sic] a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of * * * force; and (3) * * * [he] must not have violated any duty to retreat or avoid the danger. * * *" State v. Robbins (1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755, paragraph two of the syllabus. The defendant is privileged to use that force which is reasonably necessary to repel the attack. State v. McLeod (1948), 82 Ohio App. 155, 157, 37 O.O.3d 522, 522-23, 80 N.E.2d 699, 700. "If the defendant fails to prove any one of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." (Emphasis sic.) State v. Jackson (1986), 22 Ohio St.3d 281, 284, 22 OBR 452, 455, 490 N.E.2d 893, 897, certiorari denied (1987), 480 U.S. 917, 107 S.Ct. 1370, 94 L.Ed.2d 686.
As the trier of facts, it was the jury's task to resolve conflicts in the evidence and determine the credibility of the witnesses. State v. Dehass (1967), 10 Ohio St.2d 230. This jury could have reasonably chosen to reject Defendant's testimony and accept Popovitch's version of the events. That evidence, if believed, fails to satisfy the elements of self-defense. It demonstrates that Defendant was the aggressor and "at fault in creating the situation giving rise to this affray," as Defendant initially assaulted Popovitch in the car by choking her and attempting to drag her out of the car. The bruises on Popovitch's neck, back, arms and legs are consistent with these assaults. The jury may also have reasonably concluded that Popovitch's conduct during the altercation inside Defendant's house, pulling Defendant's shirt over his head and striking him twice on the top of his head with her fist, did not pose a danger of "great bodily harm," and/or that Defendant used excessive force in repelling that attack.
Even assuming arguendo that the jury accepted Defendant's argument that he acted in self-defense in striking Popovitch in the face during their fight inside the house, Defendant's assaults on Popovitch were multiple in number and not limited to just that one incident. The State's evidence concerning Defendant's assaults on Popovitch while they were in his car is sufficient evidence from which the jury could find Defendant guilty. We cannot say that the evidence in this case weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice has resulted. Defendant's conviction for assault is not against the manifest weight of the evidence.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE DEFENSE COUNSEL'S FAILURE TO PROPERLY OBJECT TO THE TRIAL COURT'S CHARGING THE JURY WITH THE ELEMENTS OF SIMPLE ASSAULT, SUA SPONTE, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL DENYING APPELLANT A FAIR TRIAL.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN CHARGING THE JURY WITH THE ELEMENTS OF SIMPLE ASSAULT SUA SPONTE, THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHICH WAS PLAIN ERROR.
At the conclusion of all of the evidence, defense counsel told the trial court that while the evidence presented warranted a jury instruction on lesser included offenses in this case, he was not requesting those instructions because Defendant did not want the jury instructed on lesser included offenses. The trial court subsequently instructed the jury on felonious assault, the lesser included offense of assault, and self-defense. Neither party objected to the jury instructions.
In these related assignments of error Defendant complains that the trial court abused its discretion and committed plain error in instructing the jury on a lesser included offense, and that his defense counsel performed in a constitutionally deficient manner by failing to object to that instruction on the lesser included offense. Simply put, Defendant's position is that he had a right to direct the trial court to not instruct the jury on any lesser included offenses. We disagree.
The only difference between felonious assault, the charged offense, and assault, the lesser included offense upon which the court charged the jury, is whether Defendant caused "serious physical harm" or just "physical harm" only. As we noted, physical harm means any injury, regardless of its gravity or duration. R.C. 2901.01(A)(3). Serious physical harm, on the other hand, means any of the following:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
R.C. 2901.01(A)(5).
The evidence presented at trial regarding Popovitch's injuries demonstrates that she suffered a black eye that was swollen shut. There was a laceration above that eye that required several stitches to close and resulted in a scar. Popovitch experienced pain in that eye for about two weeks. She had bruises on her neck, back, arms and legs. Popovitch also had a possible broken nose and rib, both of which turned out not to be broken.
Based upon the evidence presented, the jury could reasonably reject Defendant's self-defense claim and conclude that Popovitch, though she suffered physical harm at the hands of Defendant, did not suffer serious physical harm as that is statutorily defined. In other words, under a reasonable view of this evidence it was possible for the jury to find Defendant not guilty on one of the elements of the charged offense but guilty on the remaining elements which by themselves constitute the lesser included offense of assault.
Under these circumstances, the trial court was required to instruct the jury on the lesser included offense, and Defendant had no right to prevent that lesser included offense instruction. State v. Thomas (1988), 40 Ohio St.3d 213; State v. Kidder (1987), 32 Ohio St.3d 279; State v. Wilkins (1980), 64 Ohio St.2d 382; State v. Schmidt (1995),100 Ohio App.3d 167. The trial court did not err, much less abuse its discretion or commit plain error, in instructing the jury on the lesser included offense of assault in this case.
Ineffective assistance of counsel requires a showing of both deficient performance by defense counsel and resulting prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136. Inasmuch as the trial court had a duty to instruct the jury on the lesser included offense of assault because the evidence warranted such an instruction, defense counsel did not perform in a deficient manner by failing to object to that instruction. In any event, counsel's statement to the court was sufficient to fully apprize the court of the issue involved, such that he was not required to object when the instruction was given. State v. Mack (1998), 82 Ohio St.3d 198.
The second and third assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J. concur.