DECISION.
 Background {¶ 1} Howard Walter appeals his conviction after a bench trial for felonious assault in violation of R.C. 2903.11(A)(1). Walter's appeal is based on his claims that the evidence was insufficient to support the conviction and that the conviction was against the manifest weight of the evidence. We affirm the conviction.
 Facts {¶ 2} The victim of the assault in this case, Mark Merila, was staying at the Drop-Inn Center in downtown Cincinnati on April 25, 2005. At about 10:30 p.m. that evening, Merila was severely injured. According to Merila, he was asleep when Walter kicked him in the right side of his face because he had refused to give Walter a cigarette earlier in the evening. Merila's jaw was broken; he lost two teeth and required plastic surgery. He testified that he had surgeries to repair his jaw and to remove screws; had hospital stays, off and on, for two weeks; and spent a month recuperating in a respite care facility. When asked about the level of pain he had suffered on a scale of one to ten at the time of his injuries, Merila replied, "[A] ten." The responding officer, Michael Winslow, testified that Merila had "severe injuries to his face." At the trial on March 10, 2006, Merila testified that he continued to suffer from the incident. He claimed that the left side of his face was paralyzed and that he could not chew on one side of his mouth.
 {¶ 3} Merila's caseworker, Tamiko Hedrington, testified that she had assisted him between April and August 2005. She related that once he was released from the hospital, he went to respite care. Although she could not recall when, she stated that he returned to the hospital for "them to dislocate his jaw" and relocate it. She also testified that she saw stitches and bruising on his jaw.
 {¶ 4} Walter testified in his own defense. He admitted striking Merila, but gave a different version of the facts and claimed self-defense. Walter testified that he was asleep and awoke to find Merila standing over him with his penis in his hand. Walter asked Merila what he was doing, and according to Walter, Merila said, "I thought I was in the bathroom." Walter then testified, "I said, are you crazy? I get up, I pushed him, when I backed away from him he came toward me, and I sucker[-]punched him, so I basically defended myself. I hit him twice. He hit the floor. I went back to my bunk, sat down, next thing I know here come the police." Walter testified that Merila's actions made him mad, stating, "I was totally disrespected."
 Felonious Assault {¶ 5} R.C. 2903.11(A)(1) defines felonious assault as knowingly causing serious physical harm to another. Serious physical harm to a person is defined in R.C. 2901.01(A)(5) to include any of the following:
 {¶ 6} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 7} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 8} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 9} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."[1]
 Sufficiency of the Evidence {¶ 10} The Supreme Court of Ohio recently stated that "[i]n reviewing a record for sufficiency, `the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"[2] The evidence in this case was sufficient.
 {¶ 11} Merila's hospital and respite stays, and his broken jaw and accompanying pain certainly established that he suffered serious physical harm. Moreover, Walter admitted that he struck Merila and that he knew what he was doing. "I hit him twice. * * * I was totally disrespected," he declared. Walter's claim of self-defense did not diminish the sufficiency of the evidence. As explained in State v.Roberts, Walter's claim of self-defense did not dispute the elements of felonious assault, but rather sought to justify his actions.[3] There was more than sufficient evidence for the trial court to find Walter guilty of felonious assault.
 Weight of the Evidence {¶ 12} In State v. Thompkins,[4] the Supreme Court of Ohio stated, "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'"[5] (Emphasis omitted.) Walter's conviction was not against the manifest weight of the evidence.
 {¶ 13} Merila's injuries were severe, and their existence was undisputed. Walter argues in his appellate brief, however, that the state failed to prove that Walter had caused Merila's severe injuries. Merila described his injuries at trial in the presence of Walter, claiming that Walter had caused the injuries. Merila testified that the police and paramedics responded within ten minutes or so of the incident. While admitting Merila got hurt, Walter did not dispute or admit that he had caused Merila's injuries, but testified, "I don't know about his injuries." Walter, himself, testified that other persons at the Drop-Inn Center pointed him out as the culprit when the police arrived. It was not against the weight of the evidence for the trial court to find that Walter had caused Merila's injuries.
 {¶ 14} Did self-defense justify Walter's actions? The answer is simple. Even if Walter's version of the confrontation is accepted as true, Walter used too much force. A person is allowed to repel an attack by force, but must use force that is reasonable to the perceived danger.[6] "The true question of fact to be ascertained is the bona fide belief of the defendant as to his or her immediate peril."[7]
Walter testified that he awoke to Merila standing over him with penis in hand. Walter said that he got up, pushed Merila, and then backed away, and that when Merila came at him, he sucker-punched him. Based on Merila's injuries, Walter clearly overreacted to the situation.
 {¶ 15} Sitting as a thirteenth juror and reviewing the evidence in this case, we cannot say that the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[8] We affirm Walter's felonious-assault conviction.
Judgment affirmed.
HILDEBRANDT, P.J., and SUNDERMANN, J., concur.
[1] R.C. 2901.22(B).
[2] State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791,842 N.E.2d 996, ¶ 36, quoting State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[3] (2000), 139 Ohio App.3d 757, 768, 745 N.E.2d 1057.
[4] 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
[5] Id at 387, quoting Black's Law Dictionary (6 Ed.1990), 1594.
[6] State v. Jackson (Dec. 14, 2000), 10th Dist. No. 00AP-444;State v. Williams (Sept. 30, 1992), 1st Dist. Nos. C-910583 and C-910582; State v. McLeod (1948), 82 Ohio App. 155, 157,80 N.E.2d 699.
[7] Jackson, supra.
[8] Thompkins, supra, at 387.