[Cite as *In re LoConti*, 2012-Ohio-4847.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ANDREW N. LOCONTI, III

ANDREW N. LOCONTI, III

        Applicant

Case No. V2011-60794

Commissioners:
Necol Russell-Washington, Presiding
William L. Byers IV
E. Joel Wesp

ORDER OF A THREE-COMMISSIONER PANEL

{¶1} On February 14, 2011, the applicant, Andrew N. LoConti, III, filed a compensation application as the result of a criminal incident which occurred on September 25, 2010. On April 22, 2011, the Attorney General issued a finding of fact and decision denying the applicant's claim asserting he engaged in a felony of violence resulting in a charge of felonious assault with respect to an incident which occurred on July 12, 2008. The applicant submitted a request for reconsideration. On September 8, 2011, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On October 7, 2011, the applicant filed a notice of appeal from the Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on April 4, 2012 at 1:15 p.m.

{¶2} The applicant and his attorney, Dennis LoConti, were in attendance while Assistant Attorney General Rachel Huston represented the state of Ohio.

{¶3} The Attorney General stated that the only issue in this case was whether the applicant engaged in felonious conduct and such conduct should bar him from receiving an award of reparations pursuant to R.C. 2743.60(E)(1)(c).   The Attorney General related that the applicant was involved in an altercation on July 12, 2008 wherein he broke Mr. Larry White's jaw.   Even though the applicant was ultimately convicted of a misdemeanor, the underlying conduct caused serious physical harm to Mr. White and consequently it should be considered felonious in nature.

{¶4} The applicant stated on July 12, 2008, he was a guest at a backyard party, when a person began making inappropriate remarks to his girlfriend.   Whereupon, he was pushed from behind and ended up on the ground.   Larry White approached him with clenched fists.   The applicant, believing he was going to be assaulted, struck Mr. White one time resulting in Mr. White sustaining a broken jaw.   Subsequently, the police were called to the scene after the applicant, his girlfriend and friends had fled. Consequently, the police spoke with Larry White and his friends and subsequently the applicant was charged with felonious assault within the Mentor Municipal Court.   At the arraignment, the prosecutor and the applicant's attorney discussed this matter reviewing the witness statements and the police report, and assessed that the applicant had been incorrectly charged with felonious assault and the applicant had committed only a misdemeanor.

{¶5} The Attorney General called Sergeant Mike Majernik of the Mentor Police Department to testify.   Sgt. Majernik stated that he supervised Patrol Officer Cole during the time Patrol Officer Cole investigated the July 12, 2008 incident involving the applicant.   Sgt. Majernik detailed the investigation which led to the arrest of Andrew

LoConti on the charge of felonious assault. Sgt. Majernik stated that an incident in which a broken jaw had been sustained would be categorized as felonious assault.

{¶6} Upon cross examination, Sgt. Majernik admitted that of the individuals interviewed after the incident only two asserted that they saw the applicant with a "brick" or "object" in his hand. However, no "brick" or "object" was recovered at the scene. The officer admitted that a broken jaw would result in a charge of a felonious assault based on the severity of the injury. Sgt. Majernik stated his last involvement with this case was sending the case to the prosecutor at the Mentor Municipal Court. Finally, Sgt. Majernik testified after the charges were filed he never spoke to any of the injured parties, their witnesses or Andrew LoConti. Whereupon, the testimony of Sgt. Majernik was concluded.

{¶7} The applicant, Andrew LoConti, took the witness stand. Andrew acknowledged that he was invited to a party on July 12, 2008. He arrived at the party with his girlfriend and two other friends. The applicant related the following: sometime during the evening Larry White made rude gestures and comments toward the applicant's girlfriend. Although the applicant told him to stop, Mr. White refused. At that time, he was pushed from behind, as he attempted to get back up, Mr. White approached him with clenched fists giving the impression he was going to assault the applicant so the applicant struck Mr. White with his fist one time. The applicant related that he had no object in his hand. Subsequently, a melee ensued. At that time, the applicant and his friends left the party and were not there when police arrived.

{¶8} Andrew stated he spoke with a police officer one time via telephone the Sunday after the incident concerning the events that occurred during the party. Finally, Andrew

stated the only reason he struck Larry White was to protect himself from being assaulted.

{¶9} Upon cross examination, Andrew LoConti admitted that Larry White had not pushed him down and he acknowledged hitting Larry. Andrew stated he knowingly hit Larry to prevent Larry from assaulting him.

{¶10} On redirect examination, Andrew stated he would not have struck Larry unless Larry was attempting to assault him. Wherein the testimony of Andrew LoConti was concluded.

{¶11} In closing the Attorney General stated that the only burden which the Attorney General has to meet is whether it can be established by a preponderance of the evidence that the applicant "engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in an offense of violence." The Attorney General asserts it is of no consequence whether the initial charges were filed in Municipal or Common Pleas Court or whether the applicant later pled guilty to a misdemeanor. Andrew LoConti admitted knowingly hitting Larry White which resulted in Larry White sustaining a broken jaw. The Attorney General asserted that the holding in *State v. Jeffers*, 11th Dist. No. 2007-L-011, 2008-Ohio-1894 is limited to jury instructions in a criminal case. In the case at bar, self serving statements of self-defense are not sufficient evidence to rebut the presumption that felonious conduct occurred.

{¶12} In closing, the applicant stated that the decision in this case does not solely rest on whether Larry White suffered a broken jaw. It is important that the *mens rea* be addressed. Applicant stated the felonious assault statute states that no person shall

knowingly cause physical injury.   R.C. 2903.11(A)(1).   The crux of this case is whether the applicant knowingly caused physical injury to Larry White.   There is case law that supports the proposition that one who strikes another with a bare fist did not knowingly cause serious physical injury, even though the result of the striking might have indeed caused such an injury.   Furthermore, no object or brick was ever identified or found by police.

{¶13} The conviction for a misdemeanor is important since this conviction did not result from a plea bargain, but rather the initial charge of felonious assault was withdrawn and a new charge under a new case number was filed for misdemeanor assault, to which Andrew LoConti pled ultimately no contest.   The applicant asserts the Attorney General has not satisfied the burden of proof with respect to a denial of this claim pursuant to R.C. 2743.60(E)(1)(c).

{¶14} The Attorney General conceded that although R.C. 2903.11(A)(1) requires knowingly causing physical harm, the applicant is still responsible for the natural and foreseeable consequences of his actions.   Again, the Attorney General asserted that what happened on the criminal level is not relevant to the determination of this panel. Whereupon, the hearing was concluded.

{¶15} R.C. 2743.60(E)(1)(c) states:

a.      "(E)(1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

b. "(c) It is proved by a preponderance of the evidence that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in an offense of violence, a violation of section 2925.03 of the Revised Code, or any substantially similar offense that also would constitute a felony under the laws of this state, another state, or the United States."

{¶16} R.C. 2903.11(A)(1) states:

a. "(A) No person shall knowingly do either of the following:

b. "(1) Cause serious physical harm to another or to another's unborn;"

c. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."

{¶17} R.C. 2901.22(B) states:

a. "A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶18} "Self-defense is an affirmative defense, and the burden of proof, a preponderance of the evidence, is the defendant's. *State v. Pannetti*, 8th Dist. No. 73044 1998 Ohio App. LEXIS 4123, at *6, (Sept. 3, 1998) citing *State v. Napier* (1995), 105 Ohio App. 3d 713, 721. 'Pursuant to this defense, one may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend.' Pannetti. at *6, citing *State v. Fox*, 36 Ohio App. 3d 78, 79, 520 N.E. 2d 1390 (9th Dist. 1987); *Akron v. Dokes*, 31 Ohio App. 3d 24, 25, 507 N.E. 2d 1158 (9th

Dist. 1986); *State v. McLeod*, 82 Ohio App. 155, 157, 80 N.E. 2d 699 (9th Dist. 1948). However, the defendant may not use more force than is reasonably necessary to defend against the attack. *State v. Vera*, 8th Dist. No. 79367, 2002 Ohio App. LEXIS 980 (Mar. 7, 2002) at *18." *Jeffers*, 2008 at ¶54. In Ohio, a defendant is justified in using force in self-defense only if the defendant was not at fault in creating the violent situation. See *State v. Thomas* (1977), 77 Ohio St. 3d 323, 326, 1997-Ohio-269, 673 N.E. 2d 1339, (1997).

**{¶19}** The Attorney General has the burden with respect to proof of the felony exclusion contained in R.C. 2743.60(E)(1)(c) [exclusionary criteria R.C. 2743.60]. *In re Williams*, V77-0739jud (3-26-79); and *In re Brown*, V78-3638jud (12-13-79).

**{¶20}** Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

**{¶21}** Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

**{¶22}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St. 2d 230, 227 N.E. 2d 212 (1967), paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill*, 176 Ohio St. 61, 197 N.E. 2d 548 (1964).

{¶23} From review of the case file, the testimony of the witnesses, and the arguments presented by counsel at the hearing, we find the Attorney General has failed to prove by a preponderance of the evidence that the applicant's claim should be denied pursuant to R.C. 2743.60(E)(1)(c).

{¶24} We believe this case turns on the fact that although Andrew LoConti was initially charged with felonious assault, after the prosecutor, with the applicant's attorney, had the opportunity to review the witness statements collected by police and hear Andrew's side of the events the charge of felonious assault was dismissed.   A new misdemeanor charge of assault was filed to which ultimately Andrew pled no contest.   The difference between the two charges is that felonious assault requires knowingly causing serious physical harm where assault only requires knowing causing physical harm.

{¶25} The Attorney General's position is that this panel should look to the result that the punch caused, a broken jaw.   The Attorney General contends a broken jaw is a serious physical injury, accordingly, the applicant's conduct constituted a felonious assault. Conversely, the applicant argues that the panel's focus should be on the intent Andrew possessed at the time he struck the blow.

{¶26} We find based upon the credible testimony of Andrew LoConti that he was acting in self-defense at the time he struck Larry White.   Andrew reasonably believed he was going to suffer physical injury if he did not defend himself.   Furthermore, we cannot find by a preponderance of the evidence that by striking Mr. White he intended to cause Mr. White serious physical injury as is required by R.C. 2903.11(A)(1).   Sufficient evidence has not been presented to establish that Andrew possessed a brick or other object at the time he struck Mr. White.   We believe the initial charges were filed based on the

statements of Mr. White and his friends and after review the prosecutor in Mentor came to an informed decision that Andrew LoConti had been incorrectly charged. We believe deference should be given to the prosecutor's decision which allows us to reach the conclusion that Andrew LoConti did not engage in violent felonious conduct as required under R.C. 2743.60(E)(1)(c).

{¶27} Therefore, the September 8, 2011 decision of the Attorney General is reversed.

{¶28} IT IS THEREFORE ORDERED THAT

{¶29} The September 8, 2011 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{¶30} This claim is remanded to the Attorney General for a decision concerning the criminal conduct of September 25, 2010;

{¶31} This order is entered without prejudice to the applicant's right to file a supplemental compensation application within five years of this order pursuant to R.C. 2743.68;

{¶32} Costs are assumed by the court of claims victims of crime fund.

_____
NECOL RUSSELL-WASHINGTON
Presiding Commissioner

_____
WILLIAM L. BYERS IV
Commissioner


_____
E. JOEL WESP
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\June - Sept 2012\V2011-60794 LoConti.wpd\DRB-laa

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Lake County Prosecuting Attorney and to:

Filed 6-27-12
Jr. Vol. 2283, Pgs. 69-77
Sent to S.C. reporter 10-18-12