CITY OF COLUMBUS, APPELLEE, *v.*
DAWSON, APPELLANT.

(No. 86AP-159 — Decided
July 31, 1986.)

*Ronald J. O'Brien,* city attorney,
*James J. Fais,* city prosecutor, and
*David E. Tingley,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

McCORMAC, J. Defendant-appellant, Ronald Dawson, was charged with assault of Keith Roberts by means of striking him with his fist and kicking him, in violation of Section 2303.01 of the Columbus City Code. Defendant entered a not guilty plea to the charge. After trial before a jury, defendant was found guilty and sentenced accordingly from which judgment defendant has appealed, asserting, as his sole assignment of error, that the trial court erroneously instructed the jury that he had a duty or obligation to retreat before he could be justified in using force in self-defense and that, additionally, he was not justified in using force in self-defense if such force was likely to cause bodily harm.

This case involved a confrontation at a fast-food restaurant between two persons who were allegedly members of rival gangs. Each of the principals in this trial was accompanied by several persons.

According to the testimony of defendant and his three companions, Keith Roberts initiated the conflict by taking a swing at defendant. At that point, defendant admittedly struck Roberts with his fist causing some bodily harm to him. Roberts and his companions testified that defendant initiated the fight with no provocation on the part of Roberts or his companions. There was also a conflict as to what occurred after the initial blow was struck by defendant. Defendant 'denied any further contact with Roberts. Roberts testified that defendant and his companions caused further injury to him by kicking him.

Without objection, self-defense was instructed by the trial court to be an issue for the jury. Clearly the evidence supports a charge on self-defense. In an amended charge to the jury, after initial objection by defendant, the trial court instructed the jury as pertinent as follows:

"The defendant is justified in using some force in self-defense when he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force and if the force used was not likely to cause great bodily harm or bodily harm."

The parties agree that that portion of the trial court's instruction concerning self-defense was erroneous and that 4 Ohio Jury Instructions (1984), Section 411.31(4), states the correct instruction in this regard to be used in this situation. It reads as follows:

"4. SELF—DEFENSE — LESS THAN DEADLY FORCE. The defendant is justified in using some force in

self-defense when he reasonably believes that such conduct is necessary to defend [himself] * * * against the imminent use of unlawful force and if the force used was not likely to cause death or great bodily harm."

As can be noted, the trial court substituted "bodily harm" for "death." The consequence of that substitution was that, in essence, the jury was instructed that self-defense could not be found to exist in this case. Admittedly, the force used by defendant was likely to cause, and did cause, bodily harm. Under the correct instruction, such force could be used against the imminent use of unlawful force as long as it was not likely to cause death or great bodily harm. Hence, the trial court erred to the prejudice of defendant in his instruction to the jury concerning the type of force that could be used under the circumstances of this case.

Furthermore, the trial court, over objections by defendant, repeated the same instruction to the jury when they asked him to repeat his instruction concerning self-defense during the course of their deliberations.

The trial court also instructed the jury that self-defense was justified only if the defendant had reasonable ground and an honest belief that he was in imminent danger of bodily harm and that the only means of escape from such danger was by injuring his assailant. This instruction was objected to by defendant, as applicable only in regard to the use of deadly force, since, under Ohio law, there is no requirement that a person retreat, although possible, before using non-deadly force.

This part of the self-defense instruction was also repeated in response to the inquiry of the jury and was erroneous to the prejudice of defendant, because it incorrectly stated the law applicable to use of non-deadly force in self-defense.

Defendant's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, P.J., and WHITESIDE, J., concur.