Defendant-appellant, Kimberly M. Jackson, appeals from the March 31, 2000 judgment of conviction of the Franklin County Court of Common Pleas finding her guilty of felonious assault in violation of R.C. 2903.11, and sentencing her to a term of imprisonment of four years. For the reasons that follow, we affirm the judgment of the trial court.
Appellant was indicted by the Franklin County Grand Jury on August 6, 1999, on one count of felonious assault. The charge stemmed from an altercation between appellant and Burnadette Jordan in which Jordan was seriously injured. The matter proceeded to a jury trial on February 7, 2000.
At trial, the jury heard testimony that, on the evening of June 4, 1999, Jordan and a friend, Marvin Anderson, were sitting on the porch of an apartment house at 884 East Mound Street drinking beer and talking. Some teenage neighbors began tossing smoke bombs in their direction. Jordan and Anderson began arguing with the neighbors, one of whom was appellant's thirteen-year-old sister. Some time later, appellant and another woman, Martini Skiver, arrived in a blue Ford Taurus and approached the porch where Jordan and Anderson were sitting. One group of witnesses described an unprovoked attack by appellant in which appellant began swinging at Jordan. According to those witnesses, Jordan neither spoke nor threw any punches. During the attack, Jordan was backed into a brick wall. Her head struck the wall, and she ended up on the ground. Appellant then straddled Jordan, grabbed her by the hair, and repeatedly slammed Jordan's head into a concrete sidewalk.
According to another group of witnesses, appellant entered the residence, and when she later emerged outside she was confronted by Jordan who threw the first punch, which may or may not have connected with appellant. Martini Skiver described the ensuing struggle as follows: "There was really no punches thrown. It was pulling hair. They fell on the ground. [Appellant] got on top. [Jordan] was swinging. [Appellant] grabbed her head and shoved it to the concrete." (Tr. 229.) According to Skiver, this was a "brawl situation" that immediately stopped when Jordan's head hit the concrete. (Tr. 230.)
Jordan was hospitalized and comatose for several weeks as a result of the injuries she sustained. At the time of trial, she continued to suffer from memory problems and had no recollection of the incident or the month of June 1999.
The trial court instructed the jury on self-defense. Counsel for appellant objected to the instruction as given and proffered an alternative instruction which the trial court declined to use. On February 10, 2000, the jury found appellant guilty of felonious assault and, on March 29, 2000, the trial court sentenced appellant to serve four years at the Marysville Reformatory for Women.
This appeal timely followed, with appellant asserting the following assignments of error:
 I. The jury's verdict is against the manifest weight of the evidence, as the evidence against appellant did not establish her guilt beyond a reasonable doubt, but rather established by a preponderance of the evidence that she acted in self-defense.
 II. The jury's verdict is not supported by sufficient evidence to sustain its verdict as a matter of law, because a rational trier of fact could only have concluded that appellant acted in self-defense.
 III. The trial court erred by failing to properly instruct the jury on the affirmative defense of self-defense, thereby depriving appellant of due process of law as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
For ease of analysis, we elect to address appellant's third assignment of error first.
In her third assignment of error, appellant argues the trial court erred in failing to instruct the jury properly on self-defense. Specifically, appellant argues the trial court should have given at least portions of a deadly force self-defense instruction instead of a self-defense against danger of bodily harm instruction.
A reviewing court will not reverse a conviction in a criminal case due to jury instructions unless it is found that the jury instructions amount to prejudicial error. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus. Jury instructions should outline the issues, state the applicable principles of law, and clarify the jury's role in the case. Bahm v. Pittsburgh Lake Erie Rd. Co. (1966),6 Ohio St.2d 192, 194. A jury instruction is proper when it adequately informs the jury of the law. Linden v. Bates Truck Lines, Inc. (1982),4 Ohio App.3d 178, 181.
The trial court has the responsibility to give all jury instructions that are relevant and necessary for the jury to weigh the evidence and make findings of fact. See State v. Comen (1990), 50 Ohio St.3d 206, paragraph two of the syllabus; State v. Lessin (1993), 67 Ohio St.3d 487,493. The court is not required, however, to give requested instructions verbatim, so long as the instructions actually given contain a correct, pertinent statement of the law and are appropriate to the facts of the case. Id.
In relevant part, the trial court instructed the jury on the issue of self-defense as follows:
 To establish self-defense, the defendant must prove, (A), that the defendant was not at fault in creating the situation giving rise to the fight; and, (B), the defendant had reasonable grounds to believe and an honest belief, even if mistaken, that she was in immediate danger of bodily harm, and that her only means to protect herself from such danger was by the use of force not likely to cause death or great bodily harm.
 The defendant is justified in using some force in self-defense when she reasonably believes that such conduct is necessary to defend herself against the imminent use of unlawful force, and if the force used was not likely to cause death or great bodily harm. If the defendant had reasonable grounds and an honest belief that she was in imminent danger of the use of unlawful force and that the only means to protect herself was by the use of force, then she was justified, even though she was mistaken, as to the existence and necessity to defense [sic] herself.
 Words alone do not justify the use of force. Resort to such force is not justified by abusive language, verbal threats, or other words, no matter how provocative.
 In deciding whether the defendant had reasonable grounds to believe and an honest belief that she was in immediate danger of bodily harm, you must put yourself in the position of the defendant with her characteristics, and her knowledge or lack of knowledge, and under the circumstances and conditions that surrounded her at the time. You must consider the conduct of Burnadett Jordan and decide if her acts and words caused the defendant reasonably and honestly to believe that she was about to receive bodily harm.
 The law doesn't measure nicely the degree of force which may be used to repel an attack. However, if the defendant used more force than reasonably appears to be necessary under the circumstances, and if the force used is so greatly disproportionate to her apparent danger as to show an unreasonable purpose to injure Burnadett Jordan, then the defense of self-defense is not available.
 If you find that the defendant has proven by a preponderance of the evidence the affirmative defense of self-defense, then you must find her not guilty. [Id. at 350-352.]
Counsel for appellant objected to a portion of the trial court's instruction, although it is not clear from the record exactly which part. What is clear from the record is that counsel for appellant then proffered the following instruction:
 * * * If the defendant had reasonable grounds and an honest belief that she was in imminent danger of death or great bodily harm, and that the only means of escape from such danger was by injuring her assailant, then she was justified, even though she was mistaken, as to the existence of such danger. * * * [Tr. 358-359.]
The trial court stated that the reason it did not give the proffered instruction was because "I didn't find there was any evidence that the defendant was in any danger of death or great bodily harm. So I did not give that portion." (Tr. 359.)
Appellant contends that the instruction as given by the trial court did not correctly state the law because the jury was precluded from finding that appellant acted in self-defense if they found that she used force likely to cause great bodily harm. Appellant asserts that the trial court's instruction did not permit the jury to consider whether appellant possessed a bona fide belief that she was in imminent danger of death or great bodily harm and, therefore, was entitled to use deadly force in her defense. The term deadly force is defined in R.C. 2901.01(A)(2) as "any force that carries a substantial risk that it will proximately result in the death of any person." Put another way, appellant is arguing that, because the victim suffered great bodily harm, the trial court should have given a portion of the self-defense against danger of death or great bodily harm instruction instead of a more limited self-defense against danger of bodily harm instruction.
Self-defense is an affirmative defense within the meaning of R.C.2901.05(C)(2), for which the defendant bears the burden of proof by a preponderance of the evidence. State v. Jackson (1986), 22 Ohio St.3d 281, certiorari denied (1987), 107 S.Ct. 1370, 480 U.S. 917. The proper standard for determining whether a defendant is entitled to an instruction on self-defense is whether the defendant has introduced sufficient evidence which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue. State v.Melchior (1978), 56 Ohio St.2d 15. It is within the sound discretion of the trial court to determine whether the evidence presented at trial is sufficient to require that our instruction be given. State v. Wolons
(1989), 44 Ohio St.3d 64, paragraph two of the syllabus.
An individual who is without fault may defend herself by using either deadly or nondeadly force. Akron v. Dokes (1986), 31 Ohio App.3d 24, 25. Even when faced with less than impending death or great physical harm, one may use reasonable force in order to protect oneself against a perceived danger. Id. Circumstances dictate the degree of force one may use to protect oneself from danger. Id. See, also, Columbus v. Dawson
(1986), 33 Ohio App.3d 141. The amount of force used in self-defense must be reasonable. As stated in State v. Fox (1987), 36 Ohio App.3d 78, 79
"[o]ne may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend." It is only when one uses a greater degree of force than is necessary under all the circumstances that it is not justifiable on the ground of self-defense.State v. McLeod (1948), 82 Ohio App. 155, 157. Whether appellant used unreasonable force in repelling a perceived danger is a question of fact for the jury. State v. Deans (Sept. 30, 1999), Franklin App. No. 98AP-1463, unreported. The true question of fact to be ascertained is the bona fide belief of the defendant as to his or her immediate peril.McLeod, supra.
Here, appellant wanted an instruction that she was entitled to use deadly force if she had a reasonable, albeit mistaken, belief that she was in imminent danger of great bodily harm. However, there was no evidence presented that she had such a belief, or that she was in any danger of great bodily harm. Appellant did not take the stand and, at best, the defense witnesses testified that Jordan, who was intoxicated, stood up and took a swing at appellant. The defense witnesses were not sure whether Jordan connected with the punch, and the defense witnesses testified that Jordan fell down as a result of her intoxicated condition. In addition, there was conflicting testimony about the amount of force appellant used. Some witnesses testified that the victim continued to struggle after she and appellant were on the ground. Martini Skiver testified that appellant stopped beating the victim's head against the concrete after only one blow, but others testified that Jordan was unconscious after she hit her head against the concrete wall and that thereafter appellant repeatedly struck Jordan's head against the concrete sidewalk with such force that people across the street could hear Jordan's head striking the sidewalk.
Based on our review of the record, we conclude that the trial court did not err by refusing to instruct the jury on the issue of whether appellant had a bona fide belief that she was in imminent danger of death or great bodily harm. Appellant had the burden of producing evidence on every element of her claim of self-defense. Appellant successfully met her burden of producing evidence that she had reasonable grounds to believe and an honest belief, even though mistaken, that she was in imminent danger of bodily harm, but she did not meet her burden of producing sufficient evidence that she had reasonable grounds to believe that she was in danger of grave bodily harm. The third assignment of error is not well-taken.
In her first and second assignments of error, appellant argues that the jury's verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. Appellant points to the testimony of Martini Skiver and the defense witnesses who testified that Jordan initiated the altercation both verbally and physically. Furthermore, appellant asserts, that Skiver and the four defense witnesses all testified that Jordan continued to struggle even after she was on the ground. Thus, appellant argues, the evidence was such that appellant established, by a preponderance of the evidence, that appellant acted in self-defense in using non-deadly force to repel the imminent use of unlawful force by Jordan.
Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387.
Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.Thompkins, supra, at 387. In so doing, the court of appeals sits as a "thirteenth juror" and, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Id. (quoting State v. Martin (1983), 20 Ohio App.3d 172, 175); see, also, Columbus v. Henry (1995), 105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, supra, at 387.
In this case, appellant was charged with felonious assault, and asserted the affirmative defense of self-defense. In order to find appellant guilty of felonious assault, the jury was required to find that appellant knowingly caused serious harm to Burnadette Jordan. R.C. 2903.11. Appellant does not dispute whether the state established beyond a reasonable doubt that she assaulted Jordan. Rather, appellant argues the jury lost its way in failing to conclude that she had established by a preponderance of the evidence that she acted in self-defense.
As discussed in relation to the third assignment of error, the trial court instructed the jury that appellant had the burden of proving that she was not at fault in creating the situation giving rise to the fight, that appellant had reasonable grounds to believe and an honest belief, even if mistaken, that she was in immediate danger of bodily harm, and that her only means of escape was the use of force not likely to cause death or great bodily harm. (Tr. 350.) The trial court further instructed the jury that, if the force used was so greatly disproportionate to the apparent danger as to show an unreasonable purpose to injure Burnadette Jordan, then the defense of self-defense was not available. (Tr. 352.)
Here, there were conflicting versions as to who initiated the altercation and whether Jordan put up any resistance after striking her head on the brick wall. The real issue in appellant's case, was which witnesses were credible. If the jury believed events occurred as appellants' witnesses claimed, it could have found that appellant reasonably believed that she was in imminent danger of bodily harm and did not use excessive force in defending herself from attack. Determining the weight to be given to that evidence and the credibility of the witnesses was a determination for the jury. DeHass, supra, paragraph one of the syllabus. After hearing from relatives and friends of the victim, neighbors, and relatives and friends of appellant, the jury either rejected appellant's theory that she was defending herself or concluded that appellant used a degree of force that was unreasonable under the circumstances. Simply put, we are left with the fact that the jury chose not to accept appellant's version of events. The first and second assignments of error are not well-taken.
Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ____________________ LAZARUS, J.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, assigned to active duty in the Tenth Appellate District.