[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant David Pryor was originally charged with felonious assault, but a jury found him guilty of the lesser-included offense of assault. He was convicted and sentenced to six months' incarceration. In his appeal, he raises two assignments of error. He first contends that he received ineffective assistance of counsel because his trial counsel failed to request a jury instruction on the use of nondeadly force in self-defense. He also alleges that the trial court erred by instructing the jury on the use of deadly force.
Pryor and his dog were waiting in the doorway of Leonard Goldman's clothing store for a friend of Pryor's. When Goldman approached the store, the two men became involved in an argument about whether Pryor's dog had previously defecated outside Goldman's property. According to Goldman, Pryor and his dog were blocking his entrance. Pryor grabbed the door, ripped it open, and punched Goldman in the face several times. Goldman fell to the ground to avoid a further beating. Goldman testified that he had not threatened Pryor, nor had he tried to injure him with the door. Goldman claimed that he had tried to hold the door in front of himself for protection. Three of Goldman's teeth were knocked out, and his nose was bloodied. According to Goldman, Pryor stated, "This is what we were taught in the Marines."
According to Pryor, Goldman accused him of letting his dog defecate on his patio. Pryor denied the accusation, and the two men had words. At that time, Pryor told Goldman that he was not a punk, as Goldman had called him, and that he had been in the Marines. Pryor made a motion with his hands to dismiss Goldman. Goldman grabbed the metal rail inside the door and slammed it against Pryor's arm, pinning his arm against the wall. Goldman then grabbed him by the shoulders and began shaking him. Pryor responded by hitting Goldman twice in the nose in order to get Goldman's hands off him. Goldman let go, fell to one knee, and then fell flat on his face, landing on his mouth and nose. Pryor asked Goldman why he had done what he did knowing that Pryor had been a Marine.
Donald Whitaker testified on Pryor's behalf. At the time he testified, Whitaker was incarcerated at a state prison on a forgery conviction. According to Whitaker, he had been across the street and had observed the whole incident. Although he could not hear the words exchanged, he saw Goldman and Pryor arguing. He also observed the door fly open, Pryor's arm get pushed back, and Goldman shake Pryor by the shoulders. Pryor then hit Goldman two times in the face, and Goldman fell to his knees. Goldman then fell face down to the ground. Pryor did not learn that Whitaker had witnessed the incident until a week later.
Both of Pryor's assignments of error question the appropriateness of the self-defense instructions. The trial court, without objection, charged the jury on the use of deadly force in self-defense. This instruction provided that Pryor had to prove by a preponderance of the evidence that he was not at fault in creating the situation giving rise to the use of force; that he had an honest belief that he was in danger of death or great bodily harm and that his only means of escape from such danger was the use of deadly force; and that he did not violate any duty to retreat. Pryor claims that the instruction was erroneous under the facts of this case, and that the jury should have instead been instructed on non-deadly force. To justify the use of nondeadly force, there is no duty to retreat.[1] Also, there is no requirement that the defendant believe that his only means to escape from danger is the use of deadly force. Instead, the defendant has the burden to prove that he reasonably believed that the amount of force used was reasonably necessary to repel an attack.[2]
A defendant is entitled to a "complete jury instruction on all issues raised by the evidence."[3] But the failure to object to the giving of an erroneous instruction waives any error unless it rises to the level of plain error.[4] Plain error exists where error is committed, and, but for the error, "the result of the trial clearly would have been otherwise and * * * not to consider the error would result in a clear miscarriage of justice."[5]
Throughout the trial, Pryor claimed self-defense. It is clear that that there was sufficient evidence to support an instruction on self-defense. But it was error under that evidence to charge the jury that Pryor had a duty to retreat before he could protect himself. Further, it was error to instruct the jury on the use of deadly force. Punching Goldman in the face was not deadly force. In fact, the jury determined that Goldman's harm did not constitute serious physical harm, as demonstrated by its guilty verdict for assault.
The elements of proof for self-defense contained in the charge to the jury constituted plain error. Thus, we sustain Pryor's second assignment. Accordingly, we also conclude that Pryor's counsel was ineffective for failing to request an instruction on the use of nondeadly force. The evidence warranted the instruction, and the failure to request it prejudiced Pryor's defense. Thus, we sustain his first assignment.
Therefore, the judgment of the trial court is reversed, and this case is remanded for further proceedings. A certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Columbus v. Dawson (1986), 33 Ohio App.3d 141, 142,514 N.E.2d 908, 910.
[2] See State v. Williford (1990), 49 Ohio St.3d 247, 249,551 N.E.2d 1279, 1281; Akron v. Dokes (1986), 31 Ohio App.3d 24, 25,507 N.E.2d 1158, 1160.
[3] See State v. Williford at 251, 551 N.E.2d at 1283.
[4] See State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus.
[5] See State v. Bock (1984), 16 Ohio App.3d 146, 150, 474 N.E.2d 1228,1233.