JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Thomas Dietz ("appellant"), appeals his conviction for assault. For the reasons stated below, we affirm the decision of the trial court.
 I. {¶ 2} In the early morning hours of March 10, 2002, appellant and the victim, Kurt Fischer ("Fischer"), became engaged in a confrontation at P M Junction Bar. According to the testimony of Fischer and Patricia Bryan, appellant began making advances upon Fischer's fiancee, Tonya Ensign.[1] When Fischer asked appellant to leave his fiancee alone, appellant punched and/or head-butted Fischer, causing Fischer's front tooth to break off. Fischer then placed appellant in a headlock and the two fell to the ground. According to the testimony of Lauren Akita, Fischer lunged towards appellant as appellant was walking away from the bar area.
 {¶ 3} On April 11, 2002, appellant was indicted for felonious assault in violation of R.C. 2903.01. On July 31, 2002, trial commenced. On August 2, 2002, appellant was found not guilty as to felonious assault, but guilty of the lesser included offense of assault, in violation of R.C. 2903.13. On August 27, 2002, appellant was sentenced to six months in the Cuyahoga County Jail; his sentence was suspended and he received one-year probation. Appellant's motion for stay of execution was denied.
 {¶ 4} Appellant asserts six assignments of error stemming from his conviction and sentence.
 II. {¶ 5} In his first assignment of error, appellant argues that he "was denied due process of law when the court improperly instructed the jury concerning self-defense where non-lethal or non-deadly force was used." For the reasons stated below, appellant's first assignment of error is overruled.
 {¶ 6} The trial court instructed the jury as follows:
 {¶ 8} "To establish self-defense the following elements must be shown: The defendant was not at fault in creating the situation giving rise to the fight. The defendant also must show that the defendant had an honest belief that he was in imminent danger of bodily harm, and that his only means of escape was by the use of force. The defendant must not have violated any duty to retreat to avoid danger."[2]
 {¶ 9} Appellant objected to this instruction, arguing that when non-deadly or non-lethal force is used, there is no duty to retreat.City of Columbus v. Dawson (1986), 33 Ohio App.3d 141. Further, appellant argues that the court's instruction places a greater burden of proof upon him and that such instruction was improper.
 {¶ 10} Under Ohio law, self-defense is an affirmative defense pursuant to R.C. 2901.05(C). In order to establish self-defense, it must be shown that 1) the accused did not start the affray; 2) the accused had a bona fide belief that he faced imminent danger of death or great bodily harm; 3) the accused's only means of escape was the use of such force; and 4) the accused violated no duty to retreat or avoid the danger.State v. Allen (Nov. 30, 2000), Cuyahoga App. No. 76672.[3] A person need not retreat, although capable, before using non-deadly force."State v. Ghadiri (Sept. 19, 1991), Cuyahoga App. No. 59266. "In determining the question of prejudicial error in instructions to the jury, the charge must be taken as a whole, and the portion that is claimed to be erroneous or incomplete must be considered in its relation to, and as it affects and is affected by the other parts of the charge. If from the entire charge it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error results." State v. Hardy (1971), 28 Ohio St.2d 89, 92.
 {¶ 11} Appellant is correct that he had no duty to retreat. The trial court's instruction does not state that he did. The instruction simply reiterated the general principle that, had there been a duty to retreat, appellant must not have violated that duty. The record before the jury is completely devoid of any discussion of a duty to retreat. There is no reason to believe the jury was misled or confused by this instruction or that an additional burden was placed on appellant. Reviewing the jury instruction as a whole, we find the instruction was not prejudicial.
 {¶ 12} Additionally, appellant raises the issue that courts have held that when lethal force is used in self-defense, the perceived threat to the accused must be of death or great bodily harm. City of Akron v.Dokes, (1986), 31 Ohio App.3d 24. In Dokes, lethal force was not used, but the trial court's instruction to the jury required that the defendant must have reasonably been in fear of death or great bodily harm. Id. The court found that such an instruction was prejudicial to the defendant by seriously limiting the availability of self-defense. Id.
 {¶ 13} The case sub judice also does not involve the use of lethal force, thus such a grave threat need not be established. In fact, the trial court did not instruct the jury that, in order to find appellant acted in self-defense, the threat must have been death or great bodily harm. The trial court instructed the jury that appellant must show that he "* * * had an honest belief that he was in imminent danger of bodily harm * * *." Such an instruction certainly addresses the concerns ofDokes, supra.
 {¶ 14} We find that the court's instruction to the jury was a proper statement of the law and given in such a manner that was not misleading to the jury. Appellant's first assignment of error is overruled.
 III. {¶ 15} In his second assignment of error, appellant argues he "was denied due process of law when the court permitted an amendment to the date of the indictment." For the reasons stated below, appellant's second assignment of error is overruled.
 {¶ 16} The indictment lists the date of the assault as March 1, 2002. The record contains conflicting testimony indicating the assault took place either on March 1, 2002 or March 10, 2002. At the close of the evidence, the state moved to amend the indictment to list March 10, 2002 as the date of the offense. The trial court granted the state's motion, despite appellant's contention that such an amendment was unconstitutional.
 {¶ 17} In support of his position, appellant cites State v.Vitale (1994), 96 Ohio App.3d 695. In Vitale, the appellant's conviction was reversed due to an amendment of the indictment changing the date of the offense from June 14, 1991 to "June 14, 1991 through June 21, 1991, inclusive."[4] The facts of this case are distinguishable from those inVitale.
 {¶ 18} In Vitale, the issue before the appellate court was whether the defendant was convicted on the same evidence on which he was indicted. Id. In that case, the grand jury heard facts, verified via a bill of particulars, that the offense took place on June 14, 1991 at 1869 East 79th Street, in the City of Cleveland, Ohio. Id. Following the amendment to the indictment, the court found the defendant guilty of a theft that took place at a different location on June 21, 1991. Id. The appeals court held, "Since the state, by amendment to the indictment herein, changed the identity of the crime, the trial court erred in permitting the amendment." Id. at 700-701.
 {¶ 19} In the case sub judice, however, the change in the indictment was purely clerical. The indictment showed the date of the offense as March 1, 2002, rather than March 10, 2002. Crim. R. 7 provides that changes to the indictment are permissible so long as "no change is made in the name or identity of the crime charged." The record is clear that an altercation occurred between appellant and Fischer at P M Junction Bar. The testimony of each witness established that the allegations contained in the indictment occurred on the same day. Further, upon making its motion to amend, the state indicated that the amendment to the indictment was to correct a typographical error.
 {¶ 20} We find the amendment to the indictment was proper, as it did not alter the identity of the crime. Appellant's second assignment of error is overruled.
 IV. {¶ 21} In his third assignment of error, appellant argues he "was denied due process of law by reason of improper prosecutorial argument." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 22} Appellant alleges three instances of prosecutorial misconduct. First, during closing arguments, the prosecutor remarked that witness Patricia Bryan's testimony was "pretty credible." Second, during final argument, the prosecutor asked the jurors to place themselves in the position of Fischer on the day of the incident. The prosecutor, amid defense objection, stated, "How would each of you feel if your front tooth * * * gets knocked out? Do you think that's serious?" Third, the prosecutor remarked that "justice is the ability to correct injustice. * * * very shortly you are going to have the ability to correct an injustice * * * and in doing so you will find the defendant guilty of felonious assault."
 {¶ 23} When reviewing allegations of prosecutorial misconduct, the reviewing court must consider "(1) whether the remarks were improper, and (2) if so, whether the remarks prejudicially affected an accused's substantial rights." State v. Noling (2002)98 Ohio St.3d 44, 61, 2002-Ohio-7044.[5] The issue to bear in mind is the fairness of the trial, not the culpability of the prosecutor. Id.
 {¶ 24} "To begin with, the prosecution must avoid insinuations and assertions which are calculated to mislead the jury. It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused." State v.Potter, Cuyahoga App. No. 81037, 2003 Ohio 1338. The prosecution's remarks must "be so inflammatory as to render the jury's decision a product solely of passion and prejudice." State v. Moore, Cuyahoga App. No. 80416, 2003 Ohio 1154.
 {¶ 25} The state, however, is entitled to some freedom of expression in summation, and closing arguments must be viewed in their entirety when determining whether a remark was prejudicial. State v.Keenan (1993), 66 Ohio St.3d 402. This court has held that the alleged misconduct must also be viewed in light of the whole trial. State v.Siller, Cuyahoga App. No. 80219, 2003-Ohio-1948. Having reviewed the transcript as a whole, we find the prosecutor's comments were not prejudicial.
 {¶ 26} Regarding Patricia Bryan's testimony, we do not find this comment so inflamed the jurors as to inhibit their ability to reach a verdict based on the evidence presented. There is nothing to suggest this comment infringed on the fairness of appellant's trial.
 {¶ 27} Similarly, the prosecutor's remarks during final argument also failed to be prejudicial. It can safely be assumed that a jury is aware that the state feels an injustice had occurred or it would not have sought an indictment and proceeded to prosecute the appellant. Just as defense counsel relays a message of innocence to the jury, it cannot be said that a prosecutor, by asking the jurors to find the defendant guilty, is somehow infringing on that defendant's right to a fair trial.
 {¶ 28} Lastly, the prosecutor's remarks asking the jury how they would feel with injuries similar to Fischer's were not improper. Reviewing the transcript as a whole reveals that the prosecutor's remarks were to allow the jury to evaluate the nature of the injury in relation to the earlier provided "serious injury" instruction. The prosecutor did not step outside the bounds of permissible expression during closing arguments.
 {¶ 29} Appellant's third assignment of error is overruled.
 V. {¶ 30} In his fourth assignment of error, appellant argues he "was denied a fair trial when the court restricted defense argument." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 31} During direct examination, Fischer testified that he was taking prescription, anti-depression medication. Fischer further testified he had consumed alcoholic beverages during the night of the altercation. During closing arguments, appellant argued that Fischer should not have been mixing his medication with alcohol. The court sustained the state's objection to this argument because no evidence was provided during trial as to the effects of mixing alcohol and anti-depression medication. Appellant argues that the court's preclusion of this argument, in effect, was a denial of the right to counsel.
 {¶ 32} There was no evidence presented at trial indicating that Fischer's senses were impaired or that he was otherwise incapable of recalling the night in question. There being no evidence in support of appellant's argument, the trial court did not abuse its discretion by prohibiting appellant's argument.[6]
 {¶ 33} Appellant's fourth assignment of error is without merit and overruled.
 VI. {¶ 34} In his fifth assignment of error, appellant argues he "was denied due process of law when he was not granted a judgment of acquittal as his actions were in self-defense." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 35} Appellant argues the record clearly indicates that he acted in self-defense and his conviction was against the manifest weight of the evidence. Manifest weight concerns whether the jury lost its way creating a manifest miscarriage of justice. State v. Thompson (1987),78 Ohio St.3d 380. "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Whatley v. Tokheim Corp. (Jan. 30, 1986), Cuyahoga App. No. 49407, citing C.E. Morris v. Foley Construction Co. (1978),54 Ohio St.2d 279. The credibility of witnesses and the weight given to their testimony are primarily matters for jury. State v. DeHass (1967),10 Ohio St.2d 230. In the case sub judice, the jury clearly did not lose its way.
 {¶ 36} Appellant argues that witness Robert Wieser testified that "Fischer had grabbed defendant by the throat which initiated the conflict between the parties (Tr.168)." However, the transcript itself reveals the following:
 {¶ 37} "Q. You didn't see the initial part of the altercation —
 {¶ 38} A. No. As a matter of fact —
 {¶ 39} Q. — is your testimony?
 {¶ 40} A. No, sir, I didn't see that."
 {¶ 41} The jury, as the trier of fact, weighed the credibility of each witness to reach its verdict. There was competent credible evidence which the jury had to reach its verdict. The appellant cannot argue that the jury lost its way simply because they chose to believe one witness over the other.
 {¶ 42} Appellant's fifth assignment of error is overruled.
 VII. {¶ 43} In his sixth assignment of error, appellant argues he "was denied due process of law as his conviction is against the manifest weight of the evidence." For the reasons stated below, appellant's assignment of error is overruled.
 {¶ 44} As discussed in section VI of this opinion, appellant has failed to show that the verdict in this case was against the manifest weight of the evidence. Appellant argues that the evidence presented clearly shows that he acted in self-defense. However, appellant failed to present any witness who, in fact, saw the incident commence.
 {¶ 45} Defense witness William Schumacher ("Schumacher") was asked on cross-examination: "So you didn't really see a whole lot of what went on. You heard a commotion, but you weren't looking at it, focused on the people and the movements, and what was going on?" Schumacher responded, "No."[7] Defense witness Lauren Akita, on whom appellant predominantly relies, testified on cross-examination as follows:
 {¶ 46} "Q. You were talking to your girlfriend when you heard a commotion; is that correct?
 {¶ 47} A. Yes.
 {¶ 48} Q. You didn't see what was going on, at that point?
 {¶ 49} No.
 {¶ 50} * * *
 {¶ 51} Q. So you really have no knowledge of what happened up until you turned and saw them starting to go down on the floor?
 {¶ 52} Correct."[8]
 {¶ 53} As stated above, defense witness Robert Wieser also did not witness the initial altercation.
 {¶ 54} Conversely, the state presented two witnesses, Fischer and Patricia Bryan ("Bryan"), each testifying that Fischer was struck by appellant. Bryan testified on cross-examination, "I know for a fact that he was head-butted, yes, and that Tommy had done it."[9] Appellant presented nothing to specifically refute this testimony. As stated inDeHass, supra, the credibility of witnesses and the weight given to their testimony are primarily matters for the jury.
 {¶ 55} As the jury's verdict was supported by some competent credible evidence, Appellant's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. and JAMES J. SWEENEY, J. concur.
[1] Tonya Ensign ("Ensign") is also known as Terry Ensign. Fischer testified that appellant placed his head upon Ensign's chest.
[2] Tr. P. 240.
[3] In Allen, appellant appealed his conviction for felonious assault.
[4] The amendment was granted at the close of the state's case.
[5] This analysis has been specifically applied to allegations of misconduct occurring during closing arguments. State v. Taylor (1997),78 Ohio St.3d 15.
[6] The court notes that the record shows appellant continued to argue the alleged effects of alcohol and medication beyond the sustained objection.
[7] Tr. p. 182, ln. 11-15.
[8] Tr. pp. 212, ln. 5-10; 213, ln. 1-4.
[9] Tr. P. 120, ln. 20-21.