JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Darryl Winningham appeals from the judgment of the trial court that denied his motions for a new trial and for judgment notwithstanding the verdict after a jury trial in which he was found liable for assault and battery. For the reasons that follow, we affirm the judgment of the trial court.
On May 22, 2001, Winningham and Michael Simpson were at The Garage Saloon. According to Simpson, a lingerie show was being held at the bar, and one of the models had complained that Winningham had made inappropriate comments to her. Simpson claimed that he had asked Winningham to stop making the comments. When Simpson asked Winningham a second time, Winningham struck Simpson in the face, knocking Simpson down. At trial, Winningham claimed that he had hit Simpson only after Simpson had "gotten in his face," had poked him in the chest, and had raised his hand as if to hit Winningham.
Simpson filed criminal charges against Winningham and a civil complaint for assault and battery. Winningham was acquitted of the criminal charges. In the civil case, he filed a counterclaim for malicious prosecution. After a trial to a jury, Simpson was awarded $8,900 in damages. The jury also found against Winningham on his counterclaim. Winningham filed a motion for a new trial and a motion for judgment notwithstanding the verdict. The trial court denied the motions.
In his first assignment of error, Winningham now asserts that the trial court erred in overruling his motion for a new trial. For the reasons that follow, we conclude that this assignment of error is without merit.
Civ.R. 59(A) provides the grounds upon which a new trial may be granted. We ordinarily review the trial court's denial of a motion for a new trial under an abuse-of-discretion standard.[1] Winningham asserts four bases upon which a new trial should have been granted. First, Winningham claims that the trial court's failure to submit requested interrogatories to the jury justified a new trial. Under Civ.R. 49(B), upon request, the submission of appropriate interrogatories is mandatory for the trial court. But we conclude, after reviewing the record, that the trial court's refusal to submit the interrogatories in this case was harmless error.[2] There is no indication that the jury was confused by the evidence, as the case was not complicated. Further, we are not persuaded by Winningham's argument that the interrogatories would have made clear his mental state for purposes of insurance coverage. The jury's refusal to award punitive damages clearly indicated that the jury did not find that Winningham had acted with malice.
Winningham proposed that the trial court instruct the jury that he did not have a duty to retreat. He contends that the trial court's refusal to include the instruction was a second ground for a new trial. Winningham is correct that there is no duty to retreat where non-deadly force is used in self-defense.[3]
But the trial court did not instruct the jury there was a duty to retreat. In determining whether an error occurred in jury instructions, we must look at the charge as a whole. "If from the entire charge it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error results."[4] The Eighth Appellate District has reviewed a similar situation and concluded that a trial court's instructions on self-defense were not prejudicial despite a failure to state that the defendant had no duty to retreat.[5] The court stated that "[t]here [was] no reason to believe the jury was misled or confused by this instruction or that an additional burden was placed on appellant." Similarly, we conclude in this case that Winningham was not prejudiced by the lack of an instruction on the absence of a duty to retreat.
Winningham also asserts that the trial court allowed Simpson's counsel to make inappropriate closing arguments. Counsel is permitted great latitude during closing arguments.[6]
"[W]hether counsel has exceeded the permissible bounds of closing argument is general a discretionary decision by the trial court, and the trial court's judgment on such matters is deferred to on appeal absent an abuse of that discretion."[7] There was no abuse of discretion with respect to the closing arguments in this case.
The final basis upon which Winningham claims a new trial should have been granted was the trial court's failure to inform him in advance about its rulings on the requested interrogatories and jury instructions. As we have already stated, we are not convinced that the trial court's refusal to submit the interrogatories and to instruct the jury on the absence of a duty to retreat warranted a new trial. Nor are we persuaded that the trial court's failure to provide notice of its ruling warranted a new trial. Accordingly, we conclude that the trial court's denial of the motion for a new trial was not an abuse of discretion. The first assignment of error is overruled.
We consider the second and third assignments of error together. The second assignment of error is that the trial court erred in denying Winningham's motion for judgment notwithstanding the verdict with respect to Simpson's claim, and the third assignment of error is that the trial court erred in denying Winningham's motion for judgment notwithstanding the verdict with respect to the counterclaim for malicious prosecution. "The test applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test applied on a motion for directed verdict. The trial judge must construe the evidence most strongly in favor of the non-moving party, and where there is substantial evidence to support the non-movant's position, upon which reasonable minds may reach different conclusions, the motion must be denied."[8] In this case, having reviewed the record, we conclude that the trial court properly denied both motions for judgment notwithstanding the verdict. The second and third assignments of error are overruled.
Because Winningham's three assignments of error are without merit, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.
[1] Sharp v. Norfolk Western Railway Company (1995),72 Ohio St.3d 307, 649 N.E.2d 1219.
[2] Civ.R. 61.
[3] See Columbus v. Dawson (1986), 33 Ohio App.3d 141,514 N.E.2d 908.
[4] State v. Hardy (1971), 28 Ohio St.2d 89, 92,276 N.E.2d 247.
[5] State v. Dietz, 8th Dist. No. 81823, 2003-Ohio-3249.
[6] Pang v. Minch (1990), 53 Ohio St.3d 186, 194,559 N.E.2d 1313.
[7] Wilson v. Ahn, 1st Dist. No. C-020615, 2003-Ohio-4305.
[8] Brice v. Turner (May 1, 1991), 1st Dist. No. C-900254, citing Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 344 N.E.2d 334.