OPINION *Page 2 
{¶ 1} Defendant-appellant Fredrick Hughes appeals from his conviction and sentence in the Tuscarawas County Court, Uhrichsville, Ohio on one count domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25, and one count of assault, a misdemeanor of the first degree, in violation of R.C. 2903.13 . The plaintiff-appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} Appellant was charged with Domestic Violence and Assault because of an altercation that occurred on November 24, 2007, between him and his sixteen-year old paramour, Krista Mercer. Ms. Mercer is the mother of appellant's minor child.
 {¶ 3} Krista Mercer admitted she head-butted appellant and hit him in the face. On direct examination, Ms. Mercer testified that she could not remember who hit whom first. However, Ms. Mercer recalled being hit in one of her eyes that resulted in blackening both eyes. Ms. Mercer testified that appellant struck her after she asked him to leave the basement area because of an argument that occurred between the two of them. Photographs were introduced into evidence showing the result of the blows to Ms. Mercer's face. Ms. Mercer also testified that in addition to the punch to the face, she was threatened with a knife, choked, kicked, and had her hair pulled by appellant during this incident.
 {¶ 4} It is undisputed that appellant punched Ms. Mercer in the face and blackened both of her eyes. Appellant admitted to hitting Ms. Mercer, but claimed that he did so only after she struck him first. The police took pictures 24 hours after the incident. No bruises appear on the neck where Krista Mercer states she was chocked three times. No bruises appeared nor were pictures taken of the legs where appellant *Page 3 
allegedly kicked Ms. Mercer nor were there any pictures of bruising on the stomach. Ms. Mercer stated she was dragged by her hair, but no injury to her scalp was noted by the investigating officer the next day.
 {¶ 5} Testimony was offered to the Magistrate that appellant disconnected the phone line when Ms. Mercer attempted to call her father regarding the incident. Additionally, Ms. Mercer testified that Mr. Hughes took her to the store to purchase make-up so that she could hide the bruises and blackened eyes.
 {¶ 6} At the conclusion of the evidence, appellant was found guilty by the Magistrate of both charges and was sentenced upon the charge of Domestic Violence.
 {¶ 7} Appellant filed an objection to the Magistrate's Decision that was heard before the trial court on September 24, 2008[1].
 {¶ 8} By Judgment Entry dated December 19, 2008, the trial court overruled appellant's objections and adopted the Magistrate's Decision.
 {¶ 9} Appellant now appeals, assigning the following as error:
 {¶ 10} "I. THE CONVICTION FOR DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 11} "II. THE TRIAL COURT IMPROPERLY ADDED AN ELEMENT NECESSARY TO BE OVERCOME BY THE APPELLANT IN A SELF DEFENSE CLAIM THEREBY DENYING THE APPELLANT HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL UNDER THESIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION."
 I. *Page 4 {¶ 12} In his first assignment of error, appellant contends that his conviction for domestic violence is against the manifest weight of the evidence[2]. We disagree.
 {¶ 13} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, State v. Jenks (1991), 61 Ohio St. 3d 259.
 {¶ 14} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 15} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St. 3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised *Page 5 
only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 16} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id. at paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id. at paragraph four of the syllabus;State v. Miller (2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38,775 N.E.2d 498.
 {¶ 17} To find appellant guilty of domestic violence trier of fact would have to find that appellant knowingly caused or attempt to cause physical harm to a family or household member. R.C. 2919.25(A). The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent is a "family or household member." R.C. 2919.25(F) (1) (b). Physical harm to persons is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A) (3).
 {¶ 18} R.C. 2901.22 defines "knowingly" as follows: *Page 6 
 {¶ 19} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 20} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v.Huff (2001), 145 Ohio App. 3d 555, 563, 763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v.McDaniel (May 1, 1998), Montgomery App. No. 16221, (citing State v.Elliott (1995), 104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 21} Appellant does not dispute that the victim was a "family or household member." Appellant further concedes that the victim had "black eyes." (Appellant's Brief at 5). However, appellant claims that his acting in "self-defense" caused these injuries. [Id.]
 {¶ 22} To establish self-defense in the use of non-deadly force, the accused must show that (1) he was not at fault in creating the situation giving rise to the altercation; (2) that he had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force, and (3) the force used was not likely to cause death or great bodily harm. In Re: Maupin (Dec. 11, 1998), Hamilton App. No. C-980094, unreported; Columbus v. Dawson (1986), 33 Ohio App.3d 141, 142; R.C. 2901.05(A); State v. Walker (Feb. 20, 2001), Stark App. No. 2000CA00128. *Page 7 
 {¶ 23} At trial, appellant testified that his reason for hitting Ms. Mercer was,
 {¶ 24} "In self-defense because I — I've put up with this for so long I couldn't handle it anymore . . . I mean there had been multiple altercations where she was, you know, very abusive towards me and I just, you know, finally had enough . . . She had hit me for so long and — there wasn't — what else am I suppose to do? Just let her keep on hitting me, you know, for however long it goes, our relationship . . ." (T. at 65; 68; 79-80). Appellant further admitted that he followed Ms. Mercer upstairs after he claims she had struck him, and that he "disconnected" the telephone to prevent her from calling her father. (T. at 78-81).
 {¶ 25} Although appellant cross-examined Ms. Mercer and argued that he did not knowingly inflict, attempt to inflict, or threaten to inflict physical harm, and further that he acted in self-defense, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 26} The trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.;State v. Burke, *Page 8 
Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v.Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v.Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 27} The judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. See State v. Burnside (2003), 100 Ohio St.3d 152, 154-55,797 N.E.2d 71, 74. Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, Miller v. Miller (1988), 37 Ohio St. 3d 71. InSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 28} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant knowingly caused physical harm to a family or household member and that he did not act in self-defense. *Page 9 
 {¶ 29} Appellant's first assignment of error is overruled.
 II. {¶ 30} In his second assignment of error, appellant argues that the Magistrate added an element to the affirmative defense of self-defense that made it impossible for appellant to prevail on the issue of self-defense. Specifically, appellant contends that the Magistrate placed Ms. Mercer in a special status due to her nursing her child. We disagree.
 {¶ 31} In rejecting appellant's self-defense claim it seems clear to this Court that the Magistrate did not believe that appellant had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force by Ms. Mercer. [T. at 101-102]. As we explained in our disposition of appellant's first assignment of error, the appellant's own testimony supported the conclusion that appellant stuck Ms. Mercer because he "finally had enough She had hit me for so long and — there wasn't — what else am I suppose to do? Just let her keep on hitting me, you know, for however long it goes, our relationship . . ." (T. at 65; 68; 79-80).
 {¶ 32} Since it cannot be said that the appellant was acting under a reasonable belief that he needed to use force to defend himself against Ms. Mercer's use of unlawful force, the status of Ms. Mercer as a nursing mother is immaterial to the case.
 {¶ 33} Accordingly, appellant's second assignment of error is overruled. *Page 10 
 {¶ 34} The judgment of the Tuscarawas County Court, Uhrichsville, Ohio is affirmed.
[1] No transcript of this hearing was included in the record of this case.
[2] Appellant does not specifically challenge his conviction for assault.
Gwin, J., and Farmer, P.J., concur; Hoffman, J., dissents. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Tuscarawas County Court, Uhrichsville, Ohio is affirmed. Costs to appellant. *Page 11